JOSEPH KOEHLER, Appellant, v. JOHN A. CRIDDLE, Respondent.

St. Louis Court of Appeals, March 13, 1888.

VENUE, CHANGE OF—ELECTION OF SPECIAL JUDGE.—The election of a special judge to try a cause is not a change of venue within the meaning of the statutes, and a subsequent change of venue is not within the prohibition of the act approved March 19, 1881, against the granting of more than one change to either party.

APPEAL from the Mississippi Circuit Court, HON. H. C. O'BRYAN, Judge.

*Affirmed.*

WILSON CRAMER, for the appellant: When, upon defendant's first application for a change of venue,

based on the alleged prejudice of the judge and the undue influence of the opposite party over his mind, Judge Wilson, the regular common-pleas judge, vacated the bench, and a special judge was elected and sworn to try the cause, defendant's right to a change of venue was exhausted under the act of 1881, and his second application should have been overruled. Sess. Acts, 1881, p. 176; *Barnes v. McMullins*, 78 Mo. 260. The application for a change of venue presented to the special judge did not comply with the requirements of the law. (1) Because there was no affidavit as to the truth of the petition, but simply a verification upon the "best knowledge and belief" of the applicant. (2) Because it is not alleged in the petition, nor in an affidavit annexed, that the applicant had just cause to believe that he could not have a fair trial on account of the causes assigned for a change of venue. Rev. Stat., sec. 3732; *Lee v. Smith*, 84 Mo. 306. The statute fixes the time within which a defendant must apply and in the case at bar that time had elapsed. Rev. Stat., 1879, sec. 3731; *State to use v. Matlock*, 82 Mo. 455.

R. B. OLIVER and W. H. MILLER, for the respondent: A defective application for a change of venue will not render the order making it a nullity. *Potter v. Adams*, 24 Mo. 159; *State v. Worrell*, 25 Mo. 205; *State v. Knight*, 61 Mo. 373. No notice of the intended application was necessary, nor, under the circumstances detailed in the application, could a notice have been given. *Dowling v. Allen*, 88 Mo. 293; *Reid v. State*, 11 Mo. 379; *Corpenny v. City*, 57 Mo. 88; Rev. Stat., 1879, sec. 3731; *Fugate v. Carter*, 6 Mo. 267. The disqualification of the regular judge and election of a special judge was not a change of venue within the meaning of the law. *Howard v. Lillard*, 17 Mo. App. 228; *Carter v. Prior*, 78 Mo. 222; *Grant v. Holmes*, 75 Mo. 109. Has the appellant in this case any standing in this court? Will an appeal lie from the judgment of a court overruling a motion of this character? We maintain not; especially

where a party quietly stands in court and sees his case dismissed for want of prosecution. *Bank v. Reilly*, 8 Mo. App. 544; *State v. County Court*, 58 Mo. 583; *Ruby v. Shain*, 51 Mo. 116.

Thompson, J., delivered the opinion of the court.

In this case the defendant filed a motion for a change of venue, on the ground of the prejudice of the judge of the court. Thereupon an election was ordered, and a special judge was elected under the statute. Of this no complaint is made. At a subsequent term of the court the defendant filed another motion for a change of venue, on the ground that the opposite party had an undue influence over the inhabitants of the county. This motion was granted by the special judge, and the venue was thereupon changed to Mississippi county. The plaintiff appeared before the circuit court of that county and moved to remand the cause, for the reason that the change of venue had been improperly granted. This motion was denied by the court, and the plaintiff saved his exception and declined to proceed further in the cause; whereupon the court dismissed it for want of prosecution. The plaintiff prosecutes this appeal and assigns for error the refusal of the circuit court of Mississippi county to remand the cause.

I. If the change of venue was improperly granted, the circuit court of Mississippi county acquired no jurisdiction of the cause, unless the plaintiff acquiesced in the order changing the venue. This, it seems, he would have done if he had proceeded to trial, as he was the actor. *Howe v. Stevenson*, 2 S. W. Rep. (Ky.) 233. But, as he did all that he could to have the cause remanded and refused to place himself under the jurisdiction of the court, he is not in the position of one who has suffered a voluntary non-suit, but is in a position to have the propriety of the court's action reviewed on his exception, according to the doctrine of the case just cited. Indeed the respondent does not question this.

II. But we see no error in the order changing the

venue. Whether it was presented in time was a question within the sound discretion of the court to which the application was made. The election of the special judge, when the first application was made, was not a "change of venue" within the meaning of the act of 1881, which prohibits more than one change of venue in the same case (Sess. Acts 1881, p. 176), though it was a substitution allowed by statute for a change of venue, and either might have been granted without error. *Barnes v. McMullins*, 78 Mo. 267. The application was based upon a statutory ground, and the good faith of it is a question with which we are not permitted to deal.

With the concurrence of Judge Rombauer, the judgment will be affirmed. It is so ordered.